# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| LORRANE ELLYN DRURY,            ) | |
| )                              | |
|     *Plaintiff*     ) | |
| )                              | |
| v.                             ) | No. 1:15-cv-301-GZS |
| )                              | |
| CAROLYN W. COLVIN,             ) | |
| *Acting Commissioner of Social Security,* ) | |
| )                              | |
|     *Defendant*     ) | |

## REPORT AND RECOMMENDED DECISION[1]

This *pro se* Supplemental Security Income ("SSI") appeal raises the question of whether the administrative law judge supportably found the plaintiff capable of performing work existing in significant numbers in the national economy. I recommend that the court affirm the commissioner's decision.

In accordance with the commissioner's sequential evaluation process, 20 C.F.R. § 416.920; *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that the plaintiff suffered from affective disorder/bipolar disorder, an impairment that was severe but which did not meet or medically equal the criteria of any impairment listed in Appendix 1 to 20 C.F.R. Part 404, Subpart P (the "Listings') Findings 2-3, Record at 21-22; that she had the residual functional capacity ("RFC") to perform a

---

[1] This action is properly brought under 42 U.S.C. § 1383(c)(3). The commissioner has admitted that the plaintiff has exhausted her administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2), which requires the plaintiff to file an itemized statement of the specific errors upon which she seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office, and the commissioner to file a written opposition to the itemized statement. Because the plaintiff did not appear on the originally scheduled March 16 date, oral argument was held, without objection, by telephone on March 28, 2016, pursuant to Local Rule 16.3(a)(2)(D), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

1

full range of work at all exertional levels, except that she could understand and remember only simple instructions, could execute only simple tasks, could interact with coworkers and supervisors but not the general public, and could adapt only to occasional changes in the routine workplace, Finding 4, *id*. at 23; that she had no past relevant work, Finding 5, *id*. at 26; that, considering her age (43 years old on her alleged disability onset date, May 1, 2002), education (at least high school), work experience, and RFC, there were jobs existing in significant numbers in the national economy that she could perform, Findings 6-9, *id*. at 26; and that she, therefore, had not been disabled from May 1, 2002, through the date of the decision, January 15, 2014, Finding 10, *id*. The Appeals Council declined to review the decision, *id*. at 1-3, making the decision the final determination of the commissioner, 20 C.F.R. § 416.1481; *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. § 1383(c)(3); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge reached Step 5 of the sequential evaluation process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than her past relevant work. 20 C.F.R. § 416.920(g); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Goodermote*, 690 F.2d at 7. The record must contain substantial evidence in support of the commissioner's findings regarding the plaintiff's RFC to perform such other work. *Rosado v. Secretary of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

I. Discussion

A. Step 3 Issue

The plaintiff's first point of dispute with the administrative law judge's conclusions is her assertion that she "does have an impairment or combination of impairments that meet the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P. Appendix 1." Statement of Errors (ECF No. 17) ¶ 2. Unfortunately, she does not identify that impairment or the Listing and its criteria that she claims to be met or equaled. Ordinarily, that omission would doom her appeal at Step 3 of the sequential evaluation process. *E.g., White v. Astrue*, Civil Action No. 3:11-CV-1304-BH, 2012 WL 4866510, at *11 (N.D. Tex. Sept. 6, 2012); *see also Cahill v. Comm'r of Soc. Sec. Admin.*, Case No. 4:14-CV-00228, 2015 WL5064072, at *4 (E.D. Tex. Aug. 27, 2015).

Here, in deference to the plaintiff's *pro se* status, I have assumed that she intends to identify bipolar disease as the impairment that she contends that the administrative law judge should have found to meet a listing,[2] since her filings in this appeal mention only "mental illness," Statement of Errors, and bipolar disease, Fact Sheet for Social Security Appeals: Plaintiff (ECF No. 15). However, even accepting that the plaintiff has identified bipolar disease as the impairment that should have been found to meet a listing, she has not identified the evidence in the record that would support that conclusion, which is required of any Step 3 appellant. *Swisher v. Colvin*, 2:14-cv-316-JCN, 2015 WL 9455578, at *3 (D. Me. Dec. 23, 2015). *See also Rawstron v. Social Sec. Admin. Comm'r*, No. 2:13-cv-00119-NT, 2014 WL 1806864, at *2 (D. Me. May 6, 2014). Nor has she explained how that evidence meets or equals the listing for bipolar disease, another

---

[2] Bipolar disease appears in the Listings under the heading at section 12.04, Affective Disorders. At oral argument, the plaintiff confirmed that she intended to refer to the Listing for bipolar disease. The Listing requires evidence of several factors beyond a mere diagnosis of bipolar disorder. *See* Listing 12.04(A)(3) & (B).

requirement of a Step 3 appeal. *Pierce v. Astrue*, No. 1:10-cv-242-JAW, 2011 WL 2678919, at *5 (D. Me. July 7, 2011).

The plaintiff has not demonstrated entitlement to remand on this basis.

### B.  Step 4 Issue

The plaintiff asserts that, contrary to the administrative law judge's finding, Record at 26, she "does have past re[lev]ant work." Statement of Errors ¶ 4. Her itemized statement fails to identify any such work or cite to any evidence in the record of such work. At oral argument, she identified this work as occurring in 1991,[3] when she worked as a cashier, and since that time seasonal work in a farm stand. In any event, a finding that past relevant existed would require the administrative law judge to determine whether the plaintiff could return to that work. If he determined that she could not, his ultimate decision would not change. If he determined that she could return to that work, her application for benefits would be denied for that reason. Thus, any appeal based on this issue could not result in an outcome favorable to the plaintiff. Accordingly, this court cannot provide a remand on this basis. *Bowden v. Colvin*, No. 1:13-CV-201-GZS, 2014 WL 1664961, at *4 (D. Me. Apr. 25, 2014).

### C.  RFC

The final issue raised by the plaintiff's statement of errors is an assertion that "due to mental illness[,]" she "does not always have the residual functional capacity to perform a full range of work at all exertional levels[,]" and she "is not able to perform [the jobs listed by the administrative law judge as jobs that she can perform] for enough of a length of time to support herself." Statement of Errors ¶¶ 3, 5. Mental illness, however, generally has no effect on a claimant's ability

---

[3] The plaintiff filed her application for SSI benefits on June 23, 2011. Record at 19. This was 20 years after 1991. Past relevant work is defined by Social Security regulation as work "done within the last 15 years." 20 C.F.R. § 404.1565(a).

to perform physically at a given exertional level, and the plaintiff does not suggest that her mental illness causes any physical impairment or that she suffers from a physical impairment that the administrative law judge failed to adopt.

Again, the plaintiff cites no evidence in the record to support her factual assertion. The administrative law judge found that the plaintiff's testimony about the intensity, persistence, or functionally limiting effects of her bipolar disease was not entirely credible, Record at 24, and she has not challenged this finding. He noted that the record evidence revealed that the plaintiff had "a substantial absence of requested mental health treatment" over a period of several years, that the plaintiff had only seen her primary care provider four times in the past three years, and that two of those visits were for issues unrelated to the plaintiff's mental health. *Id*. at 24-25. Her medical treatment from 2004 through 2008 was also sparse. *Id*. at 25.

Other than the plaintiff's own testimony, the only opinion evidence in the record that could reasonably be read to support her contention here about the limitation imposed by her bipolar disease is the report of Donna M. Gates, Ph.D., a consulting psychologist who examined the plaintiff at the request of the state disability determination service. Record at 185-89. The administrative law judge explained his reasons for assigning little weight to Dr. Gates' opinions at some length. *Id*. at 25. Those reasons, including that the opinions appear to be based solely upon the plaintiff's subjective reports and that Dr. Gates' report is internally inconsistent, are well-supported in the record and are reasons that have been previously accepted by this court. *See, e.g., Moreau v. Colvin*, No. 1:14-CV-191-JHR, 2015 WL 1723230, at *9 (D. Me. Apr. 14, 2015); *Leeper v. Astrue*, No. 2:10-cv-260-DBH, 2011 WL 2559599, at *3 (D. Me. June 24, 2011).

In opposition to this analysis, the plaintiff offers only her own testimony, which I do not doubt is honestly and firmly given.  In the world of Social Security benefits, however, that is not enough.

## II.  Conclusion

For the foregoing reasons, I recommend that the commissioner's decision be **AFFIRMED**.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof.   A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 6th day of April, 2016.

>/s/  John H. Rich III
>John H. Rich III
>United States Magistrate Judge